

CLOSED CIVIL CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 99-2560-CIV-MORENO/DUBE

H. ROBERT HOLMES, As Trustee for the
Holmes Family Trust, On Behalf of Himself and
All Others Similarly Situated,

                Plaintiff,

v.

DALE S. BAKER, GARLAN BRAITHWAITE,
HAROLD M. WOODY, JOSEPH E.
CIVILETTO, GEORGE F. BAKER III,
JEFFREY N. GREENBLATT, AVIATION
SALES COMPANY and ARTHUR ANDERSEN
LLP,

                Defendants.



FILED by SC   D.C.
AUG 2 1 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA.

**FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court filed May 21, 2002, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of May 6, 2002 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has certified the Class. The Class is defined as all Persons who purchased or otherwise acquired the stock of Aviation Sales Company n/k/a Timco Aviation Services, Inc. ("AVS" or the "Company") during the period April 30, 1997 through and including April 14, 2000, including those Persons who purchased AVS stock in a secondary offering which became effective June 10, 1999. Excluded from the Class are Defendants, members of each of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, current and former directors and officers of AVS and members of their immediate families, current and former partners of Arthur Andersen LLP, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity. Also excluded from the Class are

those Persons and entities listed on Exhibit 1 annexed hereto who have submitted requests to be excluded from the Class.

4.  Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Class.

5.  The Court finds that the Stipulation, and Settlement contained therein, is fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation, and Settlement contained therein, is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.  The securities portion of the Settlement consideration, consisting of the Shares, Junior Notes, and Warrants, is to be issued in exchange for bona fide outstanding claims; all parties to whom it is proposed to issue such securities have had the right to appear at the hearing on the fairness of the Settlement, and the securities are therefore unrestricted and freely tradeable exempted securities pursuant to Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §77c(a)(10).

6.  The Court finds that the Complaint, which was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, as against all Defendants, except as provided in the Stipulation.

7.  Upon the Effective Date hereof, the Lead Plaintiffs and each of the Class Members on behalf of themselves, their heirs, executors, administrators, successors, assigns, officers and directors, and any persons they represent, in all their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released,

relinquished and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release, or otherwise shares in the Settlement Fund.

8.  Lead Plaintiffs and Class Members (except those persons and entities listed in Exhibit 1 who have submitted requests to be excluded from the Class), are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all claims, demands, rights, causes of action or liabilities, of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted directly, indirectly, representatively or in any other capacity, in any forum by the Class Members, or any of them, or the successors or assigns of any of them, against any of the Released Parties, which arise out of, or relate in any way to, or could have been asserted based upon, the allegations, transactions, facts, events, matters, occurrences, acts, representations or omissions involved, set forth, referred to, or which relate directly or indirectly to the Litigation, including, without limitation, claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation, and breach of fiduciary duty.

9.  Pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and as further provided herein, the Released Parties are hereby finally discharged (i) from the Released Claims by the Plaintiffs and the Class; and (ii) from all claims for contribution or equitable indemnification by any person or entity, directly, indirectly, representatively or in any other capacity, whether arising under state, federal or common law, based upon, arising out of,

relating to, or in connection with the Released Claims of Plaintiffs, the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution or equitable indemnification: (a) against the Released Parties and (b) by the Released Parties against any other Released Party.

10. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Class Members and Plaintiffs' Co-Lead Counsel from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of this Litigation or the Released Claims.

11. The notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

12. Any plan of allocation submitted by Plaintiffs' Co-Lead Counsel or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and shall be considered separately from this Final Judgment.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

Settlement: (i) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund is returned to the Defendants, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered

in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

    IT IS SO ORDERED.

Dated: August 20, 2002

_____
THE HONORABLE FEDERICO MORENO
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

Individuals Who Have Timely Requested Exclusion from the AVS Settlement Class

1. Robert Boothby
   35322 Dover Court
   Newark, CA 94560
   (510) 792-8572

2. Jerome Jacquin
   Geyerstrasse 38
   80469 Munchen
   Germany
   (+49) 8923998040

## 99-2560-CIV-Moreno Service List

Kenneth J. Vianale, Esq.
Maya Saxena, Esq.
**MILBERG WEISS**
The Plaza, Ste. 900
5355 Town Center Road
Boca Raton, FL 33486

Robert N. Kaplan, Esq.
Laurence D. King, Esq.
Christine M. Comas, Esq.
**KAPLAN, KILSHEIMER & FOX LLP**
805 Third Ave., 22nd Fl.
New York, NY 10022

Myron M. Cherry, Esq.
Matthew D. Tanner, Esq.
**CHERRY & LEHMAN**
30 N. LaSalle St.
Chicago, IL 60602

Stanley H. Wakshlag, Esq.
**AKERMAN SENTERFITT**
One S.E. Third Ave., 28th Fl.
Miami, FL 33131

Jeffrey B. Crockett, Esq.
**ARAGON, BURLINGTON, WEIL & CROCKETT, P.A.**
2699 S. Bayshore Dr.
Miami, FL 33133

Lewis F. Murphy, Esq.
**STEEL, HECTOR & DAVIS**
200 S. Biscayne Blvd.
Miami, FL 33131

Hilarie Bass, Esq.
**GREENBERG TRAURIG**
1221 Brickell Ave.
Miami, FL 33131

Lance A. Harke, Esq.
**HARKE & CLASBY**
Miami Center, Ste. 1050
201 S. Biscayne Blvd.
Miami, FL 33131

Scott B. Schreiber, Esq.
Emily Pasquinelli, Esq.
**ARNOLD & PORTER**
Thurman Arnold Bldg.
555 Twelfth St., N.W.
Washington, D.C. 20004

R. Lawrence Bonner, Esq.
Justin C. Fineberg, Esq.
**HOMER, BONNER & DELGADO, P.A.**
3400 Bank of America Tower
100 S.E. Second St.
Miami, FL 33131